| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **Summer Shaw, Esq. (SBN 283598)**<br>**SHAW & HANOVER, PC**<br>**75100 Mediterranean Avenue**<br>**Palm Desert, CA 92211**<br>**Telephone No.: (760) 610-0000**<br>**Facsimile No.: (760) 687-2800**<br>**Email: ss@shaw.law** | |

☐ Debtor appearing without attorney
☑ Attorney for Debtor, Perry C Robertson

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA-RIVERSIDE DIVISION

| In re:<br><br>     **Perry C Robertson**<br><br><br><br><br><br>Debtor(s). | CASE NUMBER: **6:21-bk-11030-WJ**<br><br>CHAPTER 13 |
|---|---|

| | **DEBTOR'S NOTICE OF**<br>**(1) 11 U.S.C. SECTION 341(a) MEETING**<br>**OF CREDITORS, AND (2) HEARING ON**<br>**CONFIRMATION OF CHAPTER 13 PLAN,**<br>**WITH COPY OF CHAPTER 13 PLAN** |
|---|---|
| | SECTION 341(a) MEETING OF CREDITORS:<br>DATE: **4/07/2021**<br>TIME: **8:00 AM**<br><br>PLAN CONFIRMATION HEARING:<br>DATE: **4/21/2021**<br>TIME: **2:00 PM**<br><br>DEADLINE FOR OBJECTIONS TO PLAN*:  April 7, 2021<br><br>(*Debtor(s) must give at least 21 days' notice of response deadline and 35 days' notice of confirmation hearing. This notice initially must be served at least 14 days before the date first set for the Section 341(a) meeting. FRBP 2002(a)(9)&(b)(3), 3015(f) LBR 3015-1(b)(3), (d)(1) & (g)(1).) |

**NOTICE TO ALL CREDITORS AND OTHER INTERESTED PARTIES:**

1.  Debtor will seek approval of the attached Chapter 13 Plan (Plan) at the Plan confirmation hearing listed above.

2.  Any proposed modification of secured claims in the Plan will be by separate motion using LBR Form F 4003-2.4.JR.LIEN.MOTION, F 4003-2.1.AVOID.LIEN.RP.MOTION or F 4003-2.2.AVOID.LIEN.PP.MOTION as applicable.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3.  Debtor and Attorney for Debtor are required to appear at the 11 U.S.C. Section 341(a) meeting of creditors; and all other interested parties are invited, but not required, to attend.

4.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**SECTION 341(A) MEETING LOCATION:**

☐ 915 Wilshire Boulevard, 10th Floor, Room 1, Los Angeles, CA
☐ 411 West Fourth Street, 1st Floor, Room 1-154, Santa Ana, CA
☐ 21041 Burbank Boulevard, 1st Floor, Suite 100, Woodland Hills, CA
☐ 1415 State Street, 1st Floor, Room 148, Santa Barbara, CA
☑ VIDEO CONFERENCE, GOTO TRUSTEE WEBSITE FOR INSTRUCTIONS, WHICH ARE ALSO ATTACHED AS PAGE 7

**PLAN CONFIRMATION HEARING LOCATION:**

☐ 255 East Temple Street, Los Angeles, CA          ☐ 411 West Fourth Street, Santa Ana, CA
☐ 21041 Burbank Boulevard, Woodland Hills, CA    ☐ 1415 State Street, Santa Barbara, CA
☐ 3420 Twelfth Street, Riverside, CA
Courtroom:    **304**    Floor:    **3rd**

**OBJECTIONS TO PLAN:** If you object to the confirmation of the Plan, you must file your objection in writing with the court and serve a copy of it on Debtor, Attorney for Debtor, and the Chapter 13 Trustee before the Plan objection deadline stated above. Unless you timely file a written objection to the Plan and appear at the confirmation hearing, the court may treat your failure to do so as a forfeiture or waiver of your right to object to the plan, and may approve the Plan.

**APPEARANCES OF DEBTOR AND ATTORNEY FOR DEBTOR ARE REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE PLAN CONFIRMATION HEARING.** If the Chapter 13 Trustee determines at the Section 341(a) meeting that the case is ready for Plan confirmation, the Chapter 13 trustee may, but is not required to, stipulate that Debtor and counsel are excused from appearance at the Plan confirmation hearing (if the assigned judge permits the Chapter 13 Trustee to waive appearances). If the Chapter 13 Trustee determines at the Section 341(a) meeting that the Plan is NOT ready for confirmation, the Chapter 13 Trustee may, but is not required to, continue the Section 341(a) meeting and/or to request the court to continue the Plan confirmation hearing to a later date. **Unexcused failure by Debtor to appear at either the Section 341(a) meeting or the Plan confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on being a debtor in any bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g), or other remedies pursuant to applicable law.**

Date:    March 2, 2021                              /s/Summer Shaw
                                                    Signature of Debtor or attorney for Debtor
                                                    **SHAW & HANOVER, PC**
                                                    Print name of law firm (if applicable)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**75100 Mediterranean Avenue**
**Palm Desert, CA 92211**

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTOR'S NOTICE OF (1) 11 U.S.C. SECTION 341(a)**
**MEETING OF CREDITORS, AND (2) HEARING ON CONFIRMATION OF CHAPTER 13 PLAN, WITH COPY OF CHAPTER 13**
**PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the
manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On **03/02/2021** , I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR) notice-efile@rodan13.com
Summer M Shaw ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **03/02/2021** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours
after the document is filed.

| HONORABLE JUDGE'S COPY | DEBTOR |
|---|---|
| **Honorable Wayne E. Johnson** | **Perry C Robertson** |
| **United States Bankruptcy Court** | **66985 Cosa Grande** |
| **Central District of California** | **Desert Hot Springs, CA  92240** |
| **3420 Twelfth Street, Suite 384** | |
| **Riverside, CA 92501** | |

☑ Service information continued on attached pages 4-6

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u>
<u>completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 03/02/2021 | Jennifer Blanton | *Jennifer Blanton* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 3    **F 3015-1.02.NOTICE.341.CNFRM**

2) Served by U.S. Mail
(Continued):

Alcam Medical Inc.
1281 North Gene Autry Trail
Suite K
Palm Springs, CA 92262-5418

Alcam Medical Inc.
Attn: Alpha Sanusi
Agent for Service of Process
1760 Chicago Avenue, Suite K21
Riverside, CA 92507-2361

Alcam Medical Inc.
Attn: Officer, Director or
Managing Agent
1760 Chicago Avenue, Suite L21
Riverside, CA 92507-2326

Alltran Financial, LP
5800 North Course Drive
Houston, TX 77072-1613

Alltran Financial, LP
PO Box 4043
Concord, CA 94524-4043

Cach, LLC
55 Beattie Place
Greenville, SC 29601-2165

Cach, LLC
Attn: Agent for Service of Process
SSC One Inc.
1926 Richland Street
Aiken, SC 29801-4793

Capital One Bank (USA), N.A.
Attn: Agent for Service of Process
American InfoSource
4515 N. Santa Fe Avenue
Oklahoma City, OK 73118-7901

Capital One Bank (USA), N.A.
Attn: Agent for Service of Process
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219-4100

Capital One Bank (USA), N.A.
Attn: Officer, Director or
Managing Agent
4851 Cox Road
Glen Allen, VA 23060-6293

CashNetUSA
Attn: Agent for Service of Process
C T Corporation System
208 SO LaSalle Street, Suite 814
Chicago, IL 60604-1135

CashNetUSA
Attn: Officer, Director or
Managing Agent
175 W. Jackson Boulevard, Ste, 1000
Chicago, IL 60604-2863

Charter Communications, Inc.
Attn: Agent for Service of Process
CSC - Lawyers Inc. Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Charter Communications, Inc.
Attn: Officer, Director or
Managing Agent
400 Atlantic Street
Stamford, CT 06901-3512

CitiFinancial
605 Munn Road
Fort Mill, SC 29715-8421

CitiFinancial, Inc.
PO Box 70918
Charlotte, NC 28272-0918

Citibank, N.A.
Attn: Agent for Service of Process
5800 S. Corporate Place
Sioux Falls, SD 57108-5027

Citibank, N.A.
Attn: Officer, Director or
Managing Agent
5800 S. Corporate Place
Sioux Falls, SD 57108-5027

Client Services, Inc.
3451 Harry S. Truman Boulevard
Saint Charles, MO 63301-9816

Credit One Bank, N.A.
Attn: Agent for Service of Process
6801 South Cimarron Road
Las Vegas, NV 89113-2273

Credit One Bank, N.A.
Attn: Officer, Director or
Managing Agent
6801 South Cimarron Road
Las Vegas, NV 89113-2273

Credit One Bank, N.A.
PO Box 98872
Las Vegas, NV 89193-8872

p)RESURGENT CAPITAL SERVICES
PO BOX 2568
GREENVILLE SC 29602-2568

Desert Regional Medical Center Inc.
Attn: Agent for Service of Process
C T Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017-3476

Desert Regional Medical Center Inc.
Attn: Officer, Director or
Managing Agent
14201 Dallas Parkway
Dallas, TX 75254-2916

p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

DirecTV International, Inc.
Attn: Agent for Service of Process
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017-3476

DirecTV International, Inc.
Attn: Officer, Director or
Managing Agent
2260 E. Imperial Highway
El Segundo, CA 90245-3501

Enhanced Recovery Company
PO Box 57547
Jacksonville, FL 32241-7547

Enhanced Recovery Company, LLC
Attn: Agent for Service of Process
CSC - Lawyers Inc. Services
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Enhanced Recovery Company, LLC
Attn: Officer, Director or
Managing Agent
8014 Bayberry Road
Jacksonville, FL 32256-7412

Fingerhut Direct Marketing Inc.
Attn: Officer Director or
Managing Agent
6509 Flying Cloud Drive
Eden Prairie, MN 55344-3307

(p)FRONTIER COMMUNICATIONS
BANKRUPTCY DEPT
19 JOHN STREET
MIDDLETOWN NY 10940-4918

Frontier Communications Corp.
CSC - Lawyers Inc. Service
Agent for Service of Process
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Frontier Communications Corporation
Attn: Officer, Director or
Managing Agent
401 Merritt 7
Norwalk, CT 06851-1000

Gregory Funding
PO Box 25430
Portland, OR 97298-0430

Gregory Funding, Inc.
18682 Beach Boulevard
Suite 250
Huntington Beach, CA 92648-2052

Gregory Funding, Inc.
Attn: Agent for Service of Process
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017-3476

Gregory Funding, Inc.
Attn: Officer, Director or
Managing Agent
13190 SW 68th Parkway, Suite 200
Portland, OR 97223-8368

Gregory Funding, Inc.
PO Box 230579
Portland, OR 97281-0579

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems, LLC
Attn: Agent for Service of Process
CSC - Lawyers Inc. Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

(p)JORA CREDIT
7701 LAS COLINAS RIDGE SUITE #650
IRVING TX 75063-8114

Jora Credit of California, Inc.
Attn: Agent for Service of Process
CSC - Lawyers Inc. Services
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Jora Credit of California, Inc.
Attn: Officer, Director or
Managing Agent
7701 Las Colinas Ridge
Irving, TX 75063-8081

LVNV Funding, LLC
Attn: Agent for Service of Process
Corporation Service Company
508 Meeting Street
West Columbia, SC 29169-7535

MRS BPO, LLC
Attn: Agent for Service fo Process
Cogency Global Inc.
1325 J. Street, Suite 1550
Sacramento, CA 95814-2976

MRS BPO, LLC
Attn: Officer, Director or
Managing Agent
1930 Olney Avenue
Cherry Hill, NJ 08003-2016

Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

Midland Credit Managment Inc.
Attn: Agent for Service of Process
CSC - Lawyers Inc. Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Midland Credit Managment Inc.
Attn: Officer, Director or
Managing Agent
350 Camino De La Reina, Ste. 300
San Diego, CA 92108-3007

Money Mart Financial Services
Attn: Officer, Director or
Managing Agent
14 E. Swedesford Road, Suite 150
Malvern, PA 19355-1488

Plaza Services, LLC
Attn: Agent for Service of Process
Orion State Licensing, Inc.
15615 Alton Parkway, Suite 450
Irvine, CA 92618-3308

(p)PLAZA SERVICES  LLC
ATTN MANNY WILLIAMS
110 HAMMOND DRIVE
SUITE 110
ATLANTA GA 30328-4806

Regional Acceptance Corporation
Attn: Agent for Service of Process
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017-3476

Regional Acceptance Corporation
Attn: Officer, Director or
Managing Agent
1424 East Fire Tower Road
Greenville, NC 27858-4105

Regional Acceptance Corporation
c/o Katrina D. Ramey
200 West Second Street, 3rd Floor
Winston Salem, NC 27101-4019

Resurgent Capital Services
Attn: Bankruptcy
PO Box 10497
Greenville, SC 29603-0497

Resurgent Capital Services LP
Attn: Agent for Service of Process
CSC - Lawyers Inc. Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Resurgent Capital Services LP
Attn: Officer, Director or
Managing Agent
55 Beattie Place, Suite 425
Greenville, SC 29601-2165

Rise Credit
PO Box 101808
Fort Worth, TX 76185-1808

Rise Credit of California, LLC
Attn: Agent for Service of Process
CSC - Lawyers Inc. Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3502

Rise Credit of California, LLC
Attn: Officer, Director or
Managing Agent
4150 International Plaza, Suite 300
Fort Worth, TX 76109-4819

Riverside County Tax Collector
Attn: Matt Jennings
PO Box 12005
Riverside, CA 92502-2205

Riverside County Tax Collector
Matt Jennings Treasurer-Tax Collect
4080 Lemon Street
Riverside, CA 92501-3609

State of California
Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Statebridge Company, LLC
Attn: Agent for Service of Process
Incorp Services, Inc.
5716 Corsa Avenue, Suite 110
Thousand Oaks, CA 91362-7354

Statebridge Company, LLC
Attn: Officer, Director or
Managing Agent
6061 South Willow Drive, Suite 300
Englewood, CO 80111-5151

Synchrony Bank
Attn: Agent for Service of Process
C T Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017-3476

Synchrony Bank
Attn: Officer, Director or
Managing Agent
70 West Election Road, Suite 125
Draper, UT 84020-6425

Synchrony Bank
Attn: Officer, Director or
Managing Agent
777 Long Ridge Road
Stamford, CT 06902-1247

Synchrony Bank (BK Notice)
Attn: Officer, Director or
Managing Agent
PO Box 103104
Roswell, GA 30076-9104

TD Bank USA, N.A.
Attn: Agent for Service of Process
2035 Limestone Road
Wilmington, DE 19808-5529

TD Bank USA, N.A.
Attn: Officer, Director or
Managing Officer
2035 Limestone Road
Wilmington, DE 19808-5529

Target
PO Box 673
Minneapolis, MN 55440-0673

Target
c/o Financial & Retail Services
Mailstop BT
PO Box 9475
Minneapolis, MN 55440-9475

WebBank
Attn: Officer, Director or
Managing Officer
215 South State Street, Suite 1000
Salt Lake City, UT 84111-2336

ZBS Law, LLP
30 Corporate Park, Suite 450
Irvine, CA 92606-3401


Page 6

# HOW TO APPEAR AT RIVERSIDE §341(a) MEETINGS OF CREDITORS FOR CHAPTER 13 CASES

By order of the United States Trustee, until further notice all Riverside Chapter 13 341(a) meetings of creditors will be conducted <u>telephonically (or on video)</u>.

341(a) meetings will be conducted utilizing ZOOM software (www.zoom.com) which permits parties to communicate electronically (similar to Skype or Facetime) with or without video. You should consider downloading the ZOOM software on your telephone or computer in order to familiarized yourself with how ZOOM works.

<u>To appear at a Riverside Chapter 13 section 341(a) meeting of creditors, you have two options:</u>

<u>By Video</u>
On the day of the meeting, at approximately <u>10 minutes</u> before the time scheduled for your meeting, **LOG IN**:

| For Judge Johnson (WJ) Cases (Bridget Kelly appearing for Trustee) Input or Paste the following URL: https://us04web.zoom.us/j/5835677911 | For Judge Houle (MH) Cases (Joey DeLeon appearing for Trustee) Input or Paste the following URL: https://zoom.us/j/3386281052 | For Judge Yun (SY) Cases (Susan Luong appearing for Trustee) Input or Paste the following URL: https://zoom.us/j/5274701001 |
|---|---|---|

<u>By Telephone (Audio Only)</u>
On the day of the meeting, at approximately <u>10 minutes</u> before the time scheduled for your eeting, **DIAL**:

| For Judge Johnson (WJ) Cases (Bridget Kelly appearing for Trustee) Tel. 1+ (301) 715-8592 **Meeting ID number: 583 567 7911** | For Judge Houle (MH) Cases (Joey DeLeon appearing for Trustee) Tel. 1+ (301) 715-8592 Meeting ID Number: 338 628 1052 | For Judge Yun (SY) Cases (Susan Luong appearing for Trustee) Tel. 1+ (301) 715-8592 Meeting ID Number: 527 470 1001 |
|---|---|---|

ONCE YOU HAVE CONNECTED, **PLEASE MUTE YOUR ZOOM APPLICATION.** YOU SHOULD STILL BE ABLE TO HEAR THE PROCEEDINGS. 10 OR MORE MEETINGS MAY BE SCHEDULED FOR THE SAME TIME (for example 10 cases at 8:00 A.M., 10 at 9:00 A.M., etc.) SO IT IS IMPORTANT THAT YOU <u>LISTEN FOR YOUR CASE TO BE CALLED</u> (LISTEN FOR DEBTOR'S LAST NAME AND CASE NUMBER), THEN UN-MUTE AND BE SURE TO IDENTIFY YOURSELF ON THE RECORD WHEN REQUESTED BY THE TRUSTEE'S STAFF ATTORNEY. **<u>YOU MAY BE REQUIRED TO WAIT FOR UP TO ONE HOUR FOR YOUR CASE TO BE CALLED</u>.** PLEASE BE PATIENT and respectful of others when your microphone is on or if you are listening on your telephone. We are all working together to try to keep everyone safe while still providing this necessary and beneficial service, and the Trustee is grateful for your cooperation and assistance at this difficult time.

********Creditors are encouraged to file <u>claims</u> and if appropriate, <u>objections</u> early, so the Trustee is able to address them with the debtor at the creditor meeting********

FG:114 - 07/06/2020 - GZ


Page 7 of 7

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **Summer Shaw, Esq. (SBN 283598)**<br>**SHAW & HANOVER, PC**<br>75100 Mediterranean Avenue<br>Palm Desert, CA 92211<br>Telephone No.: (760) 610-0000<br>Fax No.: (760) 687-2800<br>Email: ss@shaw.law | |
| ☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br>  Perry C Robertson<br>    AKA Chuck Robertson; AKA Perry Charles Robertson | CASE NUMBER:<br><br>CHAPTER 13 |
|---|---|
| | **CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed:<br><br>_____<br>[FRBP 3015(b); LBR 3015-1] |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:<br>Time:<br>Address:<br><br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:<br>Time:<br>Address: |
| Debtor(s). | |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page 1                        **F3015-1.01.CHAPTER13.PLAN**

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

<u>The following matters may be of particular importance to you:</u>

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

   1.1   Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):
         ☐ Included    ☑ Not included

   1.2   Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):
         ☐ Included    ☑ Not included

   1.3   Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:
         ☐ Included    ☑ Not included

   1.4   Other Nonstandard Plan provisions, set out in Section IV:
         ☐ Included    ☑ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

   A.   Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

        Payments by Debtor of:
        $ 850.00 _____    per month for months  1 _____    through  60 _____    totaling $  51,000.00 _____ .
        For a total plan length of 60 months totaling $51,000.00.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 2                                    **F3015-1.01.CHAPTER13.PLAN**

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $27,453.33.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

    a. ☐ "Percentage" plan: 1% of the total amount of these claims, for an estimated total payment of $280.52.

    b. ☑ "Residual" plan: The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $280.52 and 1% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

    (a) the sum of $0.00, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

    (b) If Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.  Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page 3                                    **F3015-1.01.CHAPTER13.PLAN**

ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor may pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

### Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENT OF CLAIMS:

**1st**  If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**  Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**  Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page  4                                    **F3015-1.01.CHAPTER13.PLAN**

| | CLASS 1 | | |
|---|---|---|---|

### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a.  Administrative Expenses** | | | |
| (1)  Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2)  Attorney's Fees | $5,000.00 | | $5,000.00 |
| (3)  Chapter 7 Trustee's Fees | | | |
| (4)  Other | | | |
| (5)  Other | | | |
| **b.  Other Priority Claims** | | | |
| (1)  Internal Revenue Service | | | |
| (2)  Franchise Tax Board | | | |
| (3)  Domestic Support Obligation | | | |
| (4)  Other | $0.00 | 0% | $0.00 |
| (5)  Other | $0.00 | 0% | $0.00 |
| **c.  Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** **(specify creditor name):** | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

| | CLASS 2 | | |
|---|---|---|---|

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

*Check one.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page  5                          F3015-1.01.CHAPTER13.PLAN

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Gregory Funding | xxxxx1-636 | $4,760.70 | 0.00% | $79.35 | $4,760.70 | ☐ Trustee ☑ Debtor |
| Riverside County Tax Collector | xxx-xx3-006 | $0.00 | 0.00% | $0.00 | $0.00 | ☐ Trustee ☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 6                          F3015-1.01.CHAPTER13.PLAN

over any contrary amounts listed below.

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

    (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

    (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ See attachment for additional claims in Class 3B.

**CLASS 3C**

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☑ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

**IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE**

| Name of Creditor | Last 4 Digits of Account NUMBER | CLAIM TOTAL | INTEREST RATE | Estimated Monthly Payment | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Statebridge Company, LLC | xxxxxx1840 | $33,303.45 | 3.00 | $598.42 | $35,905.18 |

**CURE AND MAINTAIN CLAIMS**

☑ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 7                          **F3015-1.01.CHAPTER13.PLAN**

and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | · | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

   ☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

   ☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle   acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
| --- | --- | --- | --- | --- | --- |
| | | | | | |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 8                    F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
|---|---|---|---|---|---|---|
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 4.

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*
☑ None. *If "None" is checked, the rest of this form for Class 5 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019    Page 9    F3015-1.01.CHAPTER13.PLAN

## CLASS 5B

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

## CLASS 5C

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

☐ See attachment for additional claims in Class 5.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☑ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
| Regional Acceptance Corporation | 2019 Nissan Sentra 10,000 miles KBB value for vehicle in good condition/trade-in value (Vehicle is in Debtor's deceased spouse's name; her daughter has possession and makes all payments and is the equitable owner of the vehicle and will continue to make payments) |

☐ See attachment for additional claims in Class 6.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 10                          F3015-1.01.CHAPTER13.PLAN

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified *(Identify the contract or lease at issue and the other party(ies) to the contract or lease)*:

**Creditor Name:** _____

**Description:** _____
        ☐ Rejected                    ☐ Assumed; cure amount (if any): $ _____
                        to be paid over _____ months

**Creditor Name:** _____

**Description:** _____
        ☐ Rejected                    ☐ Assumed; cure amount (if any): $ _____
                        to be paid over _____ months

Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.

☐ See attachment for additional claims in Class 7.

## Section III. PLAN SUMMARY

| | |
|---|---:|
| CLASS 1a | $5,000.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $4,760.70 |
| CLASS 3B | $0.00 |

| | |
|---|---:|
| CLASS 3C | $35,905.00 |
| CLASS 3D | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5A | $280.50 |
| CLASS 5C | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                   Page 11                          F3015-1.01.CHAPTER13.PLAN

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $45,946.20 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $5,053.80 |
| TOTAL PAYMENT | $51,000.00 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is **ineffective**. A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.

☐ A. <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

Name of Creditor Lienholder/Servicer: _____

Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.): _____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐ C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 12                    **F3015-1.01.CHAPTER13.PLAN**

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

**TO CREDITOR LIENHOLDER/SERVICER** _____

☐    Real property collateral (street address and/or legal description or document recording number, including county of recording):

_(attach page with legal description of property or document recording number as appropriate)._

☐    Other collateral (add description such as judgment date, date and place of lien recording, book and page number):

☐    11 U.S.C. § 522(f) -- Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐    11 U.S.C. § 506(a) and (d) -- Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(1) discharge under 11 U.S.C. § 1328, or

(2) Upon completion of all Plan payments.

Value of collateral: ................................................................................ $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ _____ + $ _____ = .. ($ _____ )'
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):...................................... ($ _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0): ............................ $ _____

_Note:_ See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

D. **Other Non-Standard Plan Provisions (use attachment, if necessary):**

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                          Page 13                          F3015-1.01.CHAPTER13.PLAN

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date:    FEB 2 8 2021 _____

_____
Summer Shaw, Esq.
Attorney for Debtor

_____
Perry C. Robertson
Debtor 1

_____
Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                     Page 14                     F3015-1.01.CHAPTER13.PLAN

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
(11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☑ None. *If "None" is checked, the rest of this Attachment A need non be completed.*

1.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 2nd Lien on 123 Main
    St.): _____

2.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 3rd Lien on 123 Main St.): _____

3.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 4th Lien on 123 Main St.): _____

4.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 2nd Lien on 456 Broadway): _____

5.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 3rd Lien on 456 Broadway): _____

6.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 4th Lien on 456 Broadway): _____

7.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 2nd Lien on 789 Crest Ave.): _____

8.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 3rd Lien on 789 Crest Ave.): _____

9.  Creditor Lienholder/Servicer: _____
    Subject Lien (*e.g.*, 4th Lien on 789 Crest Ave.): _____

*(Attach additional pages for more liens/provisions.)*

CERTIFICATION: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date) _____FEB 2 8 2021_____

Signature: _____

*Printed name:*  Summer Shaw, Esq. _____

☑ Attorney for Debtor or    ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page *15*                    F3015-1.01.CHAPTER13.PLAN